# EXHIBIT "A"

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Lisa Martz</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>AMEN CLINICS INC.</u>
Defendant

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☒ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☐ over $100,000.00

**III.   TYPE OF CASE**   (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT OF
THE STATE OF FLORIDA, IN AND FOR BROWARD COUNTY

CASE NO.:

LISA MARTZ,

    Plaintiff,

v.

AMEN CLINICS, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, LISA MARTZ ("Plaintiff"), hereby sues Defendant, AMEN CLINICS, INC. ("Amen" or "Defendant"), and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is an action by Plaintiff for damages in excess of $30,000, interest, and attorneys' fees and costs.

2. Plaintiff is an individual over the age of eighteen (18) and is otherwise *sui juris*.

3. Defendant Amen is a Florida for-profit corporation with a principal place of business in Broward County, Florida.

4. During the relevant period, Plaintiff was controlled by Defendant.

5. During the relevant period, Defendant set Plaintiff's schedule and delegated assignments.

6. During the relevant period, Plaintiff reported to Defendant's management, namely Tom Bowen ("Bowen"), Christine Perkins ("Perkins"), Melody Parlier ("Parlier") and Dr. Daniel Amen ("Dr. Amen").

1 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

7. Plaintiff was employed by Defendant in Broward County, Florida.

8. Venue is proper in this Court because Defendant conducts business in Broward County, employed Plaintiff in Broward County, and the claims arose within Broward County.

9. All conditions precedent for the filing of this action before this Court have been previously met.

**GENERAL ALLEGATIONS**

10. At all times material hereto, Defendant was, and continue to be, "employers" within the meaning of 29 U.S.C. § 203 (d).

11. At all times material hereto, Plaintiff was an "employee" within the meaning of the Fair Labor Standards Act ("FLSA").

12. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

13. Upon information and belief, Defendant's annual gross income significantly exceeds the $500,000 annual income threshold set for enterprise coverage under the FLSA.

14. At all relevant times, Defendant employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

15. Upon information and belief, Defendant obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do business, transmitted funds outside of the State of Florida and used electronic means to market and run their business internationally (i.e., sales).

2 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

16. Defendant provided materials and supplies to be used by Plaintiff when performing work for Defendant.

17. Defendant, at all material and relevant times, were engaged in interstate commerce and subject to enterprise coverage under the FLSA.

## BACKGROUND

18. Plaintiff worked for Defendant from February 16, 2021, until her unlawful, retaliatory termination on September 20, 2021.

19. Plaintiff customarily and regularly worked over 40 hours a week for Defendant.

20. Defendant, however, never paid Plaintiff at time-and-a-half her regular rate of pay as required by the Fair Labor Standards Act ("FLSA").

21. Plaintiff worked long, arduous hours and time for Amen Clinics and Dr. Daniel Amen, as Owner of Amen Clinics—hours that regularly exceeded 40 hours a week.

22. Plaintiff complained about and objected to Defendant's illegal pay policies to Armband.

23. Plaintiff was retaliatorily terminated by Defendant on September 20, 2021 despite exceeding company performance goals by 40%.

24. Any reasons proffered by Defendant to justify Plaintiff's unlawful termination is nothing more than mere pretext.

## Count I

## UNPAID OVERTIME VIOLATION AGAINST AMEN UNDER THE FLSA

25. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 24 as if fully set forth herein.

3 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

29. Upon information and belief, the annual volume of sales or business for Defendant exceeded $500,000 during each calendar year of the relevant period.

30. As part of its business, Defendant sold goods and materials that traveled through interstate commerce during the relevant period.

31. During the relevant period, Defendant obtained and solicited funds from non-Florida sources (*i.e.,* sales), accepted funds from non-Florida sources, used telephonic and electronic means to market and conduct business outside of the State of Florida, used telephonic and electronic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

32. During the relevant period, Defendant, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed in connection with sales made inside and outside the state of Florida.

33. Defendant engaged in interstate commerce and was subject to the FLSA during all relevant periods.

34. During Plaintiff's employment with Defendant, Plaintiff customarily and regularly worked over forty (40) hours per week.

35. Despite customarily and regularly working overtime hours, and with knowledge of these overtime hours, Defendant never compensated Plaintiff at the rate of time-and-a-half for all overtime hours worked.

36. Defendant intentionally refused to pay Plaintiff overtime wages she is owed under the FLSA.

37. Defendant is in violation of the FLSA and owes Plaintiff backpay.

4 | Page

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

38. In addition, Defendant is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment against Defendant under the FLSA;

b. Award Plaintiff actual damages for the unpaid overtime wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## Count II
## FLSA RETALIATION (AMEN)

39. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 27 above as if fully set forth herein.

40. Plaintiff was an employee of Defendant during the relevant period as defined by the FLSA.

41. Plaintiff engaged in various instances of protected activity by objecting to Defendant's failure to pay Plaintiff wages required by the FLSA.

26. Plaintiff complained about and objected to Defendant's illegal pay policies on several occasions to Bowen, Perkins, Parlier and Dr. Amen.

42. Defendant retaliated against Plaintiff for engaging in such protected activity, including by terminating Plaintiff's employment with Defendant despite her exceeding company performance goals by 40%.

5 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

43.     Plaintiff has suffered mental and emotional distress because of Defendant's retaliatory conduct.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.  Enter judgment for Plaintiff against Defendant under the FLSA;

b.  Award Plaintiff actual damages;

c.  Award Plaintiff liquidated damages;

d.  Award Plaintiff compensatory damages for mental and emotional distress;

e.  Award Plaintiff her attorneys' fees and costs;

f.  Award Plaintiff all recoverable interest; and

g.  Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated: February 8, 2022.

                                        Respectfully submitted,

                                        By: */s/ J. Freddy Perera*
                                        J. Freddy Perera, Esq.
                                        Florida Bar No. 93625
                                        freddy@pba-law.com
                                        Alexander T. Harne, Esq.
                                        Florida Bar No. 109482
                                        harne@pba-law.com
                                        **PERERA ALEMAN, P.A.**
                                        12555 Orange Drive, Second Floor
                                        Davie, Florida 33330
                                        Telephone: 786-485-5232

6 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com