UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:22-cv-60531-RAR

LISA MARTZ,

    Plaintiff,

v.

AMEN CLINICS, INC.,

    Defendant.
_____/

**JOINT MOTION TO LIFT STAY AND PETITION TO CONFIRM THE ARBITRATOR'S APPROVAL OF THE FLSA SETTLEMENT AGREEMENT**

Plaintiff, LISA MARTZ ("Martz" or "Plaintiff"), and Defendant, AMEN CLINICS, INC. ("Amen" or "Defendant") (collectively the "Parties"), by and through their undersigned counsel jointly file this Motion to Lift Stay and Petition to Confirm the Arbitrator's Approval of the FLSA Settlement Agreement and Dismiss the Action with Prejudice, and state as follows:

1. On February 8, 2022, Plaintiff filed a Complaint in the Seventeenth Judicial Circuit of the State of Florida in and for Broward County captioned *Lisa Martz v. Amen Clinics Inc.* (the "Circuit Court case") asserting claims of unpaid overtime under the Fair Labor Standards Act ("FLSA") and retaliation. The Circuit Court case was assigned case number CACE-22-01977.

2. On March 11, 2022, Defendant removed the Action to the United State District Court for the Southern District of Florida. [E.C.F. No. 1].

3. On March 21, 2022, Defendant filed an Unopposed Motion to Direct this Action to Arbitration and to Stay this Action Pending Arbitration. [E.C.F. No. 7].

4. This Court granted Defendant's Motion to Stay and directed Plaintiff to file her claims with the American Arbitration Association ("AAA"). [E.C.F. No. 8].

5. On April 18, 2022, Plaintiff filed her Complaint with AAA asserting the same FLSA unpaid overtime and retaliation claims.

6. Additionally, on June 2, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and Florida Commission of Human Relations (the "Charge"). The Charge alleged separate claims of discrimination and retaliation pursuant to the Florida Civil Rights Act ("FCRA"), Title VII of the Civil Rights Act ("Title VII"), and the Americans with Disabilities Act ("ADA").

7. The EEOC offered early conciliation of the Charge to allow the Parties to mediate the claims asserted before incurring potentially unnecessary expenses. The Parties elected to attend the EEOC mediation, which was scheduled for September 14, 2022.

8. On June 16, 2022, the Parties agreed to stay the arbitration pending the result of the EEOC mediation.

9. On September 14, 2022, the Parties attended the EEOC mediation, in which they were able to resolve the non-wage claims in the Charge. The Parties were also able to separately resolve the FLSA claims. Accordingly, the parties negotiated and executed two separate settlement agreements. One settlement agreement was specifically negotiated for the release of the FLSA claims. The other confidential settlement agreement was negotiated for a general release of all other non-wage employment related claims.

10. The Parties submitted both the FLSA and general settlement agreements to the AAA arbitrator assigned to the matter, D. Andrew Byrne, Esq. The Parties submitted both agreements to Arbitrator Byrne in order to allow him to review the agreements collectively for fairness and to confirm no improper fee shifting was done by the Parties with regards to the FLSA settlement.

11. On October 16, 2022, Arbitrator Byrne approved the FLSA agreement and dismissed the AAA Arbitration with prejudice. A copy of Arbitrator Byrne's dismissal order is attached as **Exhibit "A."**

I.  **ARGUMENT AND SUPPORTING MEMORANDUM OF LAW**

   A.  **This Court has Jurisdiction to Confirm the Arbitration Awards**

The Federal Arbitration Act ("FAA") provides that "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award, . . . then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. Section 9 further provides that "[i]f no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made." *Id.*

This Court has jurisdiction to confirm the arbitration awards because Defendant removed Plaintiff's FLSA claims to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, and federal district courts have jurisdiction to confirm arbitration awards where the arbitration is governed by the FAA and the court would have jurisdiction, "save for the arbitration agreement," over the "suit arising" out of the "controversy between the parties.*"* *Vaden v. Discover Bank*, 556 U.S. 49, 66 (2009). As 28 U.S.C. § 1331 provides district courts with federal-question jurisdiction, an underlying dispute would need to contain a federal-question. Federal-question jurisdiction depends on the contents of a well-pleaded complaint. *See Holmes Group Inc. v. Vornado Air Circulating Systems, Inc.*, 535 U.S. 826, 830 (2002) ("The well-pleaded complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331"). Thus, whether a case "arises under" federal law "must be determined from what necessarily appears in the plaintiff's

statement of his own claim [. . . .]" *Id.* (citing *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 809 (1988) (internal quotation marks omitted)).

Generally, when there are two settlement agreements—one that cover FLSA wage claims and another that covers non-wage claims—the court need only review the FLSA agreement. *See Yost v. Wyndham Vacation Resorts, Inc.,* No. 6:10-CV-1583-Orl-36GJK, 2012 U.S. Dist. LEXIS 49277 at *3 (M.D. Fla. Mar. 26, 2012), report and recommendation adopted, No. 6:10-CV-1583-Orl-36GJK, 2012 U.S. Dist. LEXIS 49275 (M.D. Fla. Apr. 9, 2012) (stating that that under *Lynn's Food* it did not "need to review the parties' settlement of Plaintiff's other claims, provided its terms do not serve to contaminate the Agreement as to the FLSA claim."); *see also, Hernandez v. Iron Container, LLC*, No. 13-22170, 2014 U.S. Dist. LEXIS 19781, at *4 (S.D. Fla. Feb. 18, 2014) (holding *Lynn's Food* does "do[es] not compel the Court to approve the fairness of an FLSA retaliatory discharge settlement, provided that the terms of that settlement do not 'contaminate' or affect the settlement of the FLSA wage claim.").

Here, Arbitrator Byrne reviewed the FLSA settlement agreement *as well as* the separate general settlement agreement. The Parties submitted both agreements to Arbitrator Byrne for the purposes of allowing him to review and confirm that there was no unfair fee shifting between the FLSA settlement and the general release. As is clear from the Arbitrator's Order Granting the Motion to Lift the Stay, Approving the FLSA Settlement, and Dismissing the Action, the FLSA agreement was fair and complied with *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982). Accordingly, the Parties request this Court confirm the arbitration award, approve the FLSA settlement, and dismiss this case with prejudice.[1]

---

[1] Should the Court wish to see the underlying agreements to perform its own independent review, the parties ask that they be permitted to provide the Court with the EEOC agreement via email to chambers for *in-camera* review given it does not involve a FLSA claim.

CASE NO. 0:22-cv-60531-RAR

Dated: October 18, 2022

Respectfully submitted,

| | |
|---|---|
| *s/ Brody M. Shulman* | *s/ Roman Sarangoulis* |
| Brody M. Shulman, Esq. | Mendy Halberstam, Esq. |
| Florida Bar No. 92044 | Florida Bar No. 68999 |
| Email: *brody@pba-law.com* | Email: *mendy.halberstam@jacksonlewis.com* |
| PERERA ALEMAN, P.A. | Roman Sarangoulis, Esq. |
| 12505 Orange Drive, Suite 908 | Florida Bar No. 1011944 |
| Davie, Florida 33330 | Email: *roman.sarangoulis@jacksonlewis.com* |
| Telephone: (786) 485-5232 | JACKSON LEWIS P.C. |
| | One Biscayne Tower, Suite 3500 |
| *Counsel for Plaintiff* | Two South Biscayne Boulevard |
| | Miami, Florida 33131 |
| | Telephone: (305) 577-7600 |
| | |
| | *Counsel for Defendant* |